UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| KENNETH E. LEWIS, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.: 2:13-CV-436-PRC |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of the | ) | |
| Social Security Administration, | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on a Complaint [DE 1], filed by Plaintiff Kenneth E. Lewis on November 27, 2013, and a Social Security Opening Brief of Plaintiff [DE 16], filed on April 25, 2014. The Commissioner filed a response brief on August 4, 2014, and Plaintiff filed a reply on August 18, 2014. Plaintiff challenges the July 17, 2012 decision of the Administrative Law Judge (ALJ) that he is not disabled under the Social Security Act.

**I. Background**

Plaintiff filed for supplemental security income (SSI) on September 27, 2010, alleging that he has been disabled since October 28, 2005, as a result of degenerative disc disease, bilateral osteoarthritis of the knees, hypertension, coronary artery disease, and type-two diabetes. He is morbidly obese—he stands 6' 1" tall and weighs about 320 pounds. His applications for SSI were denied initially on December 20, 2010, and upon reconsideration on February 11, 2011.

He filed a timely request for a hearing, which was held in Valparaiso, Indiana, before ALJ Henry Kramzyk on June 8, 2012. The ALJ heard testimony from Plaintiff as well as from vocational expert (VE) Lee O. Knutson. Plaintiff was represented at the hearing by attorney Matt Gruca.[1]

---

[1] Plaintiff appeared for the hearing by video conference.

On July 17, 2012, the ALJ issued a written decision denying Plaintiff's claims for disability benefits, making the following findings.

1. The claimant has not engaged in substantial gainful activity since September 27, 2010, the application date.

2. The claimant has the following severe impairments: degenerative disc disease of the lumbar spine; obesity; and osteoarthritis of the knees.

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b), as the claimant can lift and/or carry 20 pounds occasionally and 10 pounds frequently; stand and/or walk for up to 6 hours; and sit for up to 6 hours. The claimant can never climb ladders, ropes, or scaffolds, but can occasionally climb ramps and stairs; and occasionally balance, stoop, and crouch, but never kneel or crawl.

5. The claimant is unable to perform any past relevant work.

6. The claimant was born in 1958 and was 52 years old, which is defined as an individual closely approaching advanced age, on the date the application was filed.

7. The claimant has a high school education and is able to communicate in English.

8. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills.

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant

> can perform.
>
> 10. The claimant has not been under a disability, as defined in the Social Security Act, since September 27, 2010, the date the application was filed.

On October 29, 2013, the Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision the final decision of the Commissioner. *See* 20 C.F.R. § 416.1481. On November 27, 2013, Plaintiff filed this civil action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the Agency's decision.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

## II. Standard of Review

The Social Security Act authorizes judicial review of the final decision of the agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ will reverse only if the findings are not supported by substantial evidence or if the ALJ has applied an erroneous legal standard. *See Briscoe v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (quoting *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003)).

A court reviews the entire administrative record but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment

for that of the ALJ. *See Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, the question upon judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is not whether the claimant is, in fact, disabled, but whether the ALJ "uses the correct legal standards and the decision is supported by substantial evidence." *Roddy v. Astrue,* 705 F.3d 631, 636 (7th Cir. 2013) (citing *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010); *Prochaska v. Barnhart*, 454 F.3d 731, 734–35 (7th Cir. 2006); *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004)). "[I]f the Commissioner commits an error of law," the Court may reverse the decision "without regard to the volume of evidence in support of the factual findings." *White v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

At a minimum, an ALJ must articulate his analysis of the evidence in order to allow the reviewing court to trace the path of his reasoning and to be assured that the ALJ considered the important evidence. *See Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002); *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995); *Green v. Shalala*, 51 F.3d 96, 101 (7th Cir. 1995). An ALJ must "'build an accurate and logical bridge from the evidence to [the] conclusion' so that [the court] may assess the validity of the agency's final decision and afford [a claimant] meaningful review." *Giles v. Astrue*, 483 F.3d 483, 487 (7th Cir. 2007) (quoting *Scott*, 297 F.3d at 595)); *see also O'Connor-Spinner*, 627 F.3d at 618 ("An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and [the ALJ's] conclusions."); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001) ("[T]he ALJ's analysis must provide some glimpse into the reasoning behind [the] decision to deny benefits.").

4

## III. Disability Standard

To be eligible for disability benefits, a claimant must establish that he suffers from a "disability" as defined by the Social Security Act and regulations. The Act defines "disability" as an inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). To be found disabled, the claimant's impairment must not only prevent him from doing his previous work, but considering his age, education, and work experience, it must also prevent him from engaging in any other type of substantial gainful activity that exists in significant numbers in the economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); 20 C.F.R. §§ 404.1520(e)–(f), 416.920(e)–(f).

When a claimant alleges a disability, Social Security regulations provide a five-step inquiry to evaluate whether the claimant is entitled to benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The steps are: (1) Is the claimant engaged in substantial gainful activity? If yes, the claimant is not disabled, and the claim is denied; if no, the inquiry proceeds to step two; (2) Does the claimant have an impairment or combination of impairments that are severe? If not, the claimant is not disabled, and the claim is denied; if yes, the inquiry proceeds to step three; (3) Do(es) the impairment(s) meet or equal a listed impairment in the appendix to the regulations? If yes, the claimant is automatically considered disabled; if not, then the inquiry proceeds to step four; (4) Can the claimant do the claimant's past relevant work? If yes, the claimant is not disabled, and the claim is denied; if no, then the inquiry proceeds to step five; (5) Can the claimant perform other work given the claimant's residual functional capacity ("RFC"), age, education, and experience? If yes, then the claimant is

not disabled, and the claim is denied; if no, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v); *see also Scheck v. Barnhart*, 357 F.3d 697, 699–700 (7th Cir. 2004).

At steps four and five, the ALJ must consider an assessment of the claimant's RFC. The RFC "is an administrative assessment of what work-related activities an individual can perform despite [the individual's] limitations." *Dixon v. Massanari*, 270 F.3d 1171, 1178 (7th Cir. 2001). The RFC should be based on evidence in the record. *Craft v. Astrue*, 539 F.3d 668, 676 (7th Cir. 2008) (citing 20 C.F.R. § 404.1545(a)(3)). The claimant bears the burden of proving steps one through four, whereas the burden at step five is on the ALJ. *Zurawski*, 245 F.3d at 886; *see also Knight v. Chater*, 55 F.3d 309, 313 (7th Cir. 1995).

## IV. Analysis

Plaintiff marshals three arguments for why the ALJ's decision should be remanded for further consideration or reversed outright. He contends that the ALJ erred in ignoring contrary evidence, that the ALJ's credibility analysis was patently wrong, and that the ALJ failed to properly consider the exacerbating effects of Plaintiff's morbid obesity. The Court considers each argument in turn.

### A. Opinion of Consulting Physician Dr. Onyeukwu

Plaintiff underwent a consultative examination in November 2010 with Dr. Geoffrey Onyeukwu. The ALJ's decision noted the following findings from Dr. Onyeukwu's examination:

1. That Plaintiff stated that he did not experience any fatigue, chest pains, or shortness of breath;

2. That he had a normal musculoskelatal exam, with full range of motion in his extremities and spine; and had full strength in his joints with normal fine finger ability;

6

> > 3. That he had difficulty stooping, squatting, and standing from a sitting position; and
>
> > 4. That he did not use an assistive device and had a steady gait.

Absent from the ALJ's analysis, however, was any mention of Dr. Onyeukwu's opinion that Plaintiff "would not be able to stand for long periods of time due to polyarthritis"; likewise missing was any statement about what weight the ALJ gave to Dr. Onyeukwu's findings. (AR 253).

Plaintiff contends that these omissions warrant remand since this evidence conflicts with the ALJ's RFC finding that Plaintiff could stand six hours out of an eight-hour work day. This matters because a finding that Plaintiff could not stand for at least six hours in an eight-hour work day would support, at most, a finding that Plaintiff could do sedentary work.

Under the Medical-Vocational Guidelines, this limitation would render Plaintiff disabled so long as he had no transferable job skills. 20 C.F.R. Pt. 404, Subpt. P, App. 2 Rule 201.12–14. Though the ALJ made no finding about whether Plaintiff had any transferable job skills, this seems likely given that the VE testified that the only job skills Plaintiff had were related to construction, which is heavy work.

"While the ALJ need not articulate his reasons for rejecting every piece of evidence, he must at least minimally discuss a claimant's evidence that contradicts the Commissioner's position." *Godbey v. Apfel*, 238 F.3d 803, 808 (7th Cir. 2000) (citing *Green*, 51 F.3d at 101); *Clifford*, 227 F.3d at 871. "An ALJ may not selectively discuss portions of a physician's report that support a finding of non-disability while ignoring other portions that suggest a disability." *See Campbell*, 627 F.3d at 306 (citing *Myles v. Astrue*, 582 F.3d 672, 678 (7th Cir. 2009)); *Godbey*, 238 F.3d at 808 ("the ALJ's failure to address Dr. Merenkov's report in its entirety prevents this court from tracking the ALJ's reasons for discounting it." (citing *Clifford*, 227 F.3d at 871)).

The Commissioner responds that the single sentence in Dr. Onyeukwu's opinion regarding how long Plaintiff could stand is not specific enough to provide meaningful insight into Plaintiff's functional capacity since Dr. Onyeukwu did not explain what constituted "long periods of time." She contends that Plaintiff has cited no authority showing that the general statement that Plaintiff could not stand for long periods of time was inconsistent with the ALJ's finding that Plaintiff could stand for six hours of an eight-hour work day. Thus, according to the Commissioner, the ALJ was not obligated to discuss this particular finding.

To support this, she looks to *Books v. Chater*, a 1996 case in which the Seventh Circuit Court of Appeals concluded that the evidentiary value of a doctor's opinion that did not discuss the extent of the plaintiff's limitations was, at best, of slight evidentiary value. 91 F.3d 972, 978 (7th Cir. 1996). The comparison is not convincing. While, in both this case and in *Books*, the findings did not included any estimation of what tasks could be performed safely, the doctor in *Books* also said nothing about the extent of the plaintiff's disability, but confined himself solely to diagnosis. Dr. Onyeukwu, by contrast, did venture an opinion: Plaintiff is unable to stand for long periods of time. Contrary to the Commissioner's contention, the ALJ's standing requirement in the RFC determination is long enough that at least some discussion of this finding was required. His failure to do so is an error.

The Commissioner argues in the alternative that the error is harmless. Harmless error is an exception to the *Chenery* doctrine, but the Seventh Circuit Court of Appeals has warned that "courts must take care that the exception does not swallow the rule." *Parker*, 597 F.3d at 924. As such, a finding of harmless error is only appropriate when "it is predictable with great confidence that the agency will reinstate its decision on remand because the decision is overwhelmingly supported by

the record though the agency's original opinion failed to marshal that support." *Spiva v. Astrue*, 628 F.3d 346, 353 (7th Cir. 2010). No such confidence is warranted here. The ALJ's opinion, though it never states what weight it gave Dr. Onyeukwu's opinion, cites it positively and in such a way that it appears to support the ALJ's RFC determination.

This Court cannot say with confidence that the outcome would be the same had this piece of evidence, which relates directly to an issue that is outcome determinative, been considered and discussed. Remand is thus required. On remand, the ALJ should consider Dr. Onyeukwu's finding that Plaintiff could not stand for long periods of time and should articulate the weight given to that opinion, supporting that determination with a reasoned explanation.

### B. Credibility

In making a disability determination, the ALJ must consider a claimant's statements about his symptoms, such as pain, and how the claimant's symptoms affect his daily life and ability to work. *See* 20 C.F.R. § 416.929(a). Subjective allegations of disabling symptoms alone cannot support a finding of disability. *Id*. In determining whether statements of symptoms contribute to a finding of disability, the regulations set forth a two-part test: (1) the claimant must provide objective medical evidence of a medically determinable impairment or combination of impairments that reasonably could be expected to produce the alleged symptoms; and (2) once an ALJ has found an impairment that reasonably could cause the symptoms alleged, the ALJ must consider the intensity and persistence of these symptoms. *Id*.

The ALJ must weigh the claimant's subjective complaints, the relevant objective medical evidence, and any other evidence of the following factors:

1.  The individual's daily activities;

9

2. Location, duration, frequency, and intensity of pain or other symptoms;

3. Precipitating and aggravating factors;

4. Type, dosage, effectiveness, and side effects of any medication;

5. Treatment, other than medication, for relief of pain or other symptoms;

6. Other measures taken to relieve pain or other symptoms;

7. Other factors concerning functional limitations due to pain or other symptoms.

*See* 20 C.F.R. § 416.929(c)(3). An ALJ is not required to give full credit to every statement of pain made by the claimant or to find a disability each time a claimant states he is unable to work. *See Rucker v. Chater*, 92 F.3d 492, 496 (7th Cir. 1996). However, Ruling 96-7p provides that a claimant's statements regarding symptoms or the effect of symptoms on his ability to work "may not be disregarded solely because they are not substantiated by objective evidence." SSR 96-7p, 1996 WL 374186, at *6 (Jul. 2, 1996). "Because the ALJ is 'in the best position to determine a witness's truthfulness and forthrightness . . . this court will not overturn an ALJ's credibility determination unless it is 'patently wrong.'" *Shideler v. Astrue*, 688 F.3d 306, 310–11 (7th Cir. 2012) (quoting *Skarbek v. Barnhart*, 390 F.3d 500, 504–05 (7th Cir. 2004)); *see also Prochaska*, 454 F.3d at 738. Nevertheless, "an ALJ must adequately explain his credibility finding by discussing specific reasons supported by the record." *Pepper v. Colvin*, 712 F.3d 351, 367 (7th Cir. 2013) (citing *Terry v. Astrue*, 580 F.3d 471, 477 (7th Cir. 2009)).

As an initial matter, Plaintiff attacks the ALJ's use of boilerplate language in the credibility determination. The Seventh Circuit Court of Appeals has often criticized this language. *See, e.g.*, *Bjornson v. Astrue*, 671 F.3d 640, 645 (7th Cir. 2012). But an ALJ's use of the boilerplate language does not amount to reversible error if he "otherwise points to information that justifies his credibility

determination." *Pepper*, 712 F.3d at 367–68. The Court thus considers the substance of the ALJ's analysis.

Plaintiff argues that the ALJ improperly analyzed his credibility because he improperly relied on the temporary relief Plaintiff got from injections and treatment, Plaintiff's own testimony, Plaintiff's conservative treatment, and that Plaintiff was not prescribed a cane. The Commissioner responds that these were not errors and, at any rate, Plaintiff ignored many good reasons the ALJ provided for finding Plaintiff not credible. While the Government is correct that the ALJ's discussion of Plaintiff's credibility and the medical evidence is in many respects thorough, this matter is being remanded on other grounds and further consideration of the areas Plaintiff objects to is hence warranted.

Regarding Plaintiff's conservative treatment, the ALJ mentioned that injections, medications, and physical therapy reduced Plaintiff's pain. However, his credibility discussion does little to explain that these gains were often temporary and that, at the hearing, Plaintiff's testified that his pain had gotten worse. Fuller discussion of Plaintiff's treatment, including its sometimes temporary effectiveness, should take place on remand. Likewise, discussion of Plaintiff's ability to walk for up to half an hour should include mention of Plaintiff's testimony that he takes short breaks and that he only walks on his good days. Generally, a fuller discussion of Plaintiff's testimony regarding his ability to stand, lift, walk, etc. is warranted.

In the same vein, the ALJ should also ask Plaintiff about his compliance with treatment directions, including weight loss. And the ALJ should make clear what impact Plaintiff's pursuit of unemployment benefits had on his credibility assessment, consistent with the applicable law and supported by a reasoned explanation.

Finally, the Court notes that the lack of prescription for a cane does not appear to have been important in the credibility determination. Indeed, the ALJ's opinion barely mentions it, simply stating that Plaintiff does not have a prescription for it. As Plaintiff points out, the use of an ambulatory aid such as a cane does not require a prescription and the lack of a prescription does not alone discredit a claimant's testimony. *Parker v. Astrue* , 597 F.3d 920, 922 (7th Cir. 2010); *Terry v. Astrue*, 580 F.3d 471, 478 (7th Cir. 2009). If, on remand, Plaintiff's use of a cane is relied on in assessing credibility, it should be discussed in greater detail, consistent with the applicable law.

### C. Obesity

Plaintiff stands 6' 1" and weighs about 320 pounds. His BMI is thus 42.2, which is morbidly obese. The ALJ found obesity to be a severe impairment, meaning that it imposed more than a minimal impact on his ability to engage in basic work activity, and he mentioned Plaintiff's weight throughout his decision. This notwithstanding, the ALJ did little to explain *how* Plaintiff's obesity impaired him. Plaintiff objects to this. As above, Plaintiff's point, though perhaps not on its own sufficient to justify remand, is well taken. *Cf. Skarbek*, 390 F.3d at 504. On remand, the ALJ is directed to explain in more detail the impact of Plaintiff's obesity on Plaintiff's RFC.

### V. Conclusion

For these reasons, the Court **GRANTS** the relief sought in the Social Security Opening Brief of Plaintiff [DE 16], **REVERSES** the final decision of the Commissioner of Social Security, and **REMANDS** this matter for further proceedings consistent with this Opinion and Order. The Court **DENIES** Plaintiff's request to award benefits.

SO ORDERED this 31st day of October, 2014.

s/ Paul R. Cherry

MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc: All counsel of record